IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN BRISKEY, | ) | CASE NO. 1:09-CV-2705 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to consent of the parties (Doc. 21). The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying Plaintiff Bryan Briskey's application for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§416(i) and 423, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §1381 *et seq.*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court REVERSES the decision of the Commissioner and orders that the case be REMANDED for further proceedings not inconsistent with this decision.

**I. INTRODUCTION & PROCEDURAL HISTORY**

On March 7, 2008, Bryan Briskey ("Plaintiff" or "Briskey") filed an application for a Period of Disability and Disability Insurance Benefits and Supplemental Security Income, alleging that he became disabled on January 27, 2007, as result of suffering from degenerative joint disease, spinal laminectomy, and depression (Tr. 103-19, 164). Plaintiff's date last insured for purposes of his Disability Benefits application is December 31, 2011 (Tr. 160).

Plaintiff's applications for benefits were denied initially and upon reconsideration (Tr. 64-70, 71-76). Plaintiff timely requested and was granted an administrative hearing (Tr. 79-81). On March 10, 2009, Plaintiff appeared with counsel and testified at a hearing held before Administrative Law Judge Thomas Ciccolini (the "ALJ" or "ALJ Ciccolini") (Tr. 23-59). Vocational expert, Evelyn Sindelar, also testified at the hearing (Tr. 46-59).

The ALJ issued a written decision on March 31, 2009, in which he found at Step Five of the five-step sequential evaluation[1] that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of sedentary work existing in significant numbers in the national economy and, therefore, was not disabled (Tr. 11-22). Plaintiff requested review of the ALJ's decision from

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

the Appeals Council (Tr. 6-7). On September 25, 2009, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's determination the final decision of the Commissioner (Tr. 1-3). Plaintiff now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff was thirty-nine years old on his alleged disability onset date (Tr. 20). Briskey has a high school diploma and past relevant experience working as a phlebotomist and as a firefighter for the United States Air Force (Tr. 20, 26-27, 165). He also worked as a heavy equipment mechanic for the United States Army, and as a corpsman for the Unites States Navy. During his time working as a firefighter, Plaintiff injured his back by falling down a flight of stairs (Tr. 30). He later reinjured his back by lifting a heavy tube while working for a different job (Tr. 31). In October of 2007, Dr. Abdul Itani performed surgery on Briskey's back (Tr. 31, 297). He was medically discharged from the military on February 28, 2008 (Tr. 656).

## II. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when he establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20. C.F.R. §§ 404.1505, 416.905.

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal

standards. *See Cunningham v. Apfel*, 12 F. App'x. 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989)

## IV. ANALYSIS

Upon review of the record evidence, ALJ Thomas Ciccolini concluded that Plaintiff was not disabled under the Social Security regulations (Tr. 11-22). At step one of the sequential evaluation process, ALJ Ciccolini found that Plaintiff had not engaged in substantial gainful activity since January 27, 2007 (Tr. 13). At step two, the ALJ determined that Plaintiff's discogenic and degenerative back disorders, depression, and type two diabetes mellitus qualified as severe impairments (Tr. 13). However, at step three, the ALJ ruled that none of these impairments, either individually or in combination, satisfied the listing requirements of 20 C.F.R. Part 404, Subpart P,

Appendix 1 (Tr. 13). Before determining whether Briskey was capable of performing his past relevant work, ALJ Ciccolini held that Plaintiff retained the RFC to perform the full range of sedentary work, with certain restrictions (Tr. 15). The ALJ ruled that Briskey's work should be simple and repetitive, rather than complex, that he have no high production quotas, and that he have minimal interaction with the general public (Tr. 15). Next, at step four, the ALJ reasoned that Plaintiff could not perform his prior relevant work as a firefighter or a phlebotomist (Tr. 20). Finally, at step five, ALJ Ciccolini found that Briskey's RFC permitted him to perform jobs that existed in significant numbers in the national economy (Tr. 20).

Plaintiff challenges the ALJ's decision on four grounds. First, Plaintiff argues that ALJ Ciccolini improperly disregarded the opinion of Plaintiff's treating physician, Dr. Harris Freedman, without offering good reasons to explain what weight he gave to Dr. Freedman's opinion. Second, Plaintiff maintains that the hypothetical question the ALJ posed to the vocational expert, Evelyn Sindelar (the "VE"), did not accurately describe Plaintiff's mental limitations. Third, Briskey contends that ALJ Ciccolini erroneously ignored a determination by the Department of Veterans Affairs (the "VA") finding that Plaintiff was totally disabled. Lastly, Plaintiff avers that the ALJ's assessment of Plaintiff's credibility was in error. For the reasons that follow, the Court finds Plaintiff's arguments meritorious and orders that this case be remanded to the ALJ for further review in accordance with this Court's opinion.

### A. Department of Veterans Affairs

On February 17, 2009, the VA determined that Plaintiff was totally disabled (Tr. 243-50). The VA based its decision on several of Plaintiff's impairments. It proportioned its finding as follows: impairments with Plaintiff's thoracolumbar spine were deemed 40% disabling; Briskey's

radicular symptoms in his right lower extremity were 10% disabling; a superficial scar that was painful on examination totaled 10% disabling; Plaintiff's injured right shoulder was deemed 10% disabling; and Plaintiff's diagnosis of depression was 30% disabling (Tr. 243-50).

The ALJ's written decision acknowledged that Briskey was medically discharged from the military in February of 2008 (Tr. 16, 656). ALJ Ciccolini noted that Plaintiff was seen for a compensation and pension examination for his spine on March 12, 2008 (Tr. 16, 330, 472). During the examination, Plaintiff reported problems with ambulation, back pain, bilateral leg pain, and motion spasms (Tr. 16, 330). ALJ Ciccolini's opinion also addressed a compensation and pension examination for Plaintiff's depression conducted on January 12, 2009 (Tr. 18, 714-18). During this evaluation, Briskey complained of both physical and psychological problems (Tr. 714-18). He indicated that he experienced constant pain in his back and had problems sleeping due to his posture aggravating the pain (Tr. 714-15). Briskey denied having problems with normal daily activities, but admitted that he was depressed, sad and did not socialize with others often. At the conclusion of the evaluation, the examiner found that Briskey was disabled as a result of suffering from a mental impairment (Tr. 718). The examiner also commented that Briskey was unable to return to his previous job as a firefighter or an EMT, and would require vocational training for employment (Tr. 718).

The Court recognizes that the VA's decision was not binding on ALJ Ciccolini. 20 C.F.R. §404.1504 provides:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based upon its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. §404.1504. Although the VA's ruling was not binding on the ALJ, several circuits have ruled that the VA's decision is entitled to some weight. *See Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir. 1979) ("Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered."); *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) ("A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ."); *see also Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) ("We agree with other courts that findings of disability by other federal agencies, even though they are not binding on the ALJ, are entitled to some weight and must be considered in the ALJ's decision."). While the Sixth Circuit has not yet announced a definitive view on the issue, several courts within this circuit have followed the trend that the ALJ must assign some weight to the VA's decision and articulate his or her reasons for finding such. *See Partin v. Comm'r of Soc. Sec.*, No. 1:09-cv-368, 2010 WL 3779304, at *2 (W.D. Mich. Sept. 22, 2010) ("[T]he ALJ is not bound by the VA's determination; however, as plaintiff points out, the law requires that the VA findings be taken into consideration."); *Gibson v. Astrue*, No. 09-105-GWU, 2010 WL 148807, at *5 (E.D. Ky. Jan. 14, 2010) (The ALJ should have addressed VA's disability finding.); *see Proctor v. Comm'r of Soc. Sec.*, No. 1:09-cv-127, 2010 WL 4026083, at *9 (S.D. Ohio Sept. 17, 2010) ("The Sixth Circuit, by implication, requires the ALJ to consider the decision of the Veteran[s] Administration and to articulate reasons for the amount of weight it assigns to the decision."). In addition, Social Security Ruling 06-03p mandates the ALJ to consider the disability findings of other governmental agencies and to explain the consideration given to these opinions in the ALJ's written decision. SSR 06-03p.

7

Although the ALJ discussed the two compensation and pension examinations in Plaintiff's record, he never explained what weight, if any, he gave to the results of these examinations. Additionally, ALJ Ciccolini failed to address the VA's ultimate disability rating decision issued February 17, 2009, finding Briskey totally disabled (Tr. 243). The closest the ALJ came to offering an explanation of his view of the VA's decision were his comments regarding Plaintiff's compensation and pension evaluation examining his depression. Presumably, the ALJ disregarded the depression examination results when he noted that the examiner found that Briskey "could be retrained for another vocation[]" (Tr. 18). However, this brief explanation offered by the ALJ does not explain why he rejected the other portions of the VA's ultimate disability finding. As previously mentioned, the VA's February 17, 2009, determination based its decision on several of Plaintiff's impairments. Plaintiff's depression only accounted for 30% of the VA's decision. The remaining 70% of its disability determination was based on Briskey's physical impairments, i.e. symptoms and pain associated with his thoracolumbar spine, right lower extremity, right shoulder, and scarring. Thus, any alleged rejection of Plaintiff's depression as being disabling would not explain how the ALJ viewed the VA's disability decision regarding Plaintiff's physical impairments, which the VA found to be 70% disabling.

Defendant has offered no proof that the ALJ reasonably explained his consideration of the VA's disability determination, other than to simply argue that the ALJ did consider this factor (Def.'s Br. at 12). In *Partin v. Comm'r of Soc. Sec.*, the Federal Court for the Western Division of Michigan remanded a case for payment of benefits, partially because the ALJ failed to properly address a significant portion – 90% – of the diagnoses for which the VA found the plaintiff to be disabled. 2010 WL 3779304, at *2. In the instant case, the VA listed five diagnoses which rendered

8

Briskey disabled. Yet, the ALJ only arguably addressed his rejection of one of the five diagnoses which the VA found to be disabling. The Court finds that the ALJ erred by failing to take into account the VA's determination regarding Briskey's remaining four diagnoses, which the VA found to be 70% disabling. ALJ Ciccolini's recitation of the record evidence (Tr. 15-19), did not obviate his duty to articulate the weight and supporting reasoning for his decision to reject the VA's determination.

The Court's ruling is putting no higher burden on the ALJ, than that which is already outlined by current case law and Social Security Ruling 06-03p. When an ALJ is tasked with a duty to consider evidence, it is incumbent upon the ALJ to provide enough information in his decision, to allow the plaintiff and future reviewing courts the ability to conduct a proper review. *See Bailey v. Comm'r of Soc. Sec.*, 173 F.3d 428, at *4 (6th Cir. 1999) (Table) (*citing Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) ("[I]t is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is *absolutely essential* for meaningful appellate review."). When the ALJ fails to adhere to this standard, it is appropriate for the reviewing court to issue a remand. ALJ Ciccolini's written opinion is wanting because it leaves the Court to guess whether he knew that the VA's disability determination was based on more than Plaintiff's diagnosis of depression, and if so, his reasons for disagreeing with the VA as to Plaintiff's other diagnoses. While the Court recognizes that there is no bright line rule to determine when an ALJ has sufficiently considered a piece of evidence, we find that in this case, the ALJ should have given a more detailed and complete explanation of why he rejected the VA's decision. This is particularly true in cases, such as this, where the VA's disability determination was more recently dated than the other medical evidence in the record relied upon by the ALJ.

9

B. Treating Physician's Opinion

Next, Plaintiff avers that the ALJ rejected the opinions of his treating physician, Dr. Harris Freedman, without stating good reasons for doing so as required by the Social Security regulations.[2] 20 C.F.R 404.1527(d). Dr. Freedman opined that Plaintiff could not sit or stand for longer than one hour, and could not walk for more than 500 feet (Tr. 303). The ALJ's written opinion does not reference this finding (Tr. 11-22). Instead, the ALJ noted that Dr. Freedman opined that Plaintiff had pain radiating down his right leg, did not obtain the desired result of his back surgery, and that Briskey would need long term pain management (Tr. 340-41). Briskey contends that the ALJ was obligated to articulate good reasons for rejecting Dr. Freedman's finding limiting Plaintiff's ability to sit, stand and walk. Conversely, Defendant argues that Dr. Freedman's opinions were not entitled to any weight.

When assessing the medical evidence contained within a claimant's file, it is well-established that the ALJ must give special attention to the findings of the claimant's treating source. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The treating source doctrine recognizes that physicians who have a long-standing treating relationship with an individual are better equipped to provide a complete picture of the individual's health and treatment history. *Id.*; 20 C.F.R. § 404.1527(d)(2). Under the Social Security regulations, opinions from such physicians are entitled to controlling weight if the opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2).

---

[2]Defendant does not challenge Dr. Freedman's status as a treating source.

The treating source's opinions are not entitled to such deference, however, if they are unsupported by the medical data in the record, or, are inconsistent with the other substantial evidence in the record.  *See Miller v. Sec'y of Health & Human Servs.*, No. 91-1325, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (Table).  When the treating physician's opinions are not entitled to controlling weight, the ALJ must apply specific factors to determine how much weight to give the opinion.  *Wilson*, 378 F.3d at 544.  These factors include the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, and the physician's specialization.  20 C.F.R. § 404.1527(d)(2)-(5).  The regulations also advise the ALJ to provide "good reasons" for the weight accorded to the treating source's opinion.  20 C.F.R. § 404.1527(d).  Regardless of how much weight is given to the treating physician's opinions, the ALJ retains the power to make the ultimate decision of whether the claimant is disabled.  *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992) citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

To begin, it is important to point out that there are two exhibits in the record referencing Dr. Freedman, which are dated in April of 2008–Exhibits 5F and 9F (Tr. 301-14, 336-51).  The ALJ's written opinion cites solely to exhibit 9F (Tr. 16).  This exhibit contains Dr. Freedman's treatment notes from Briskey's office visit on April 15, 2008 (Tr. 340-41).  It is here, that Dr. Freedman remarks that Plaintiff will need long term pain management and suffers from back pain that radiates down to his right leg.  The second exhibit, 5F, contains both Dr. Freedman's treatment notes and a medical evaluation form sent to Dr. Freedman from the Bureau of Disability Determination (Tr. 301-14).  The first part of the exhibit appears to be the medical evaluation form completed by Dr.

11

Freedman (Tr. 302-03). Although the handwriting is difficult to read, Plaintiff submits that the medical evaluation form is signed by Dr. Freedman and dated April 5, 2008. The second page of the evaluation form lists Dr. Freedman's restrictions on Plaintiff's ability to sit, stand and walk (Tr. 303). The ALJ did not reference this part of exhibit 5F in his decision, nor did he address Dr. Freedman's opinions regarding these limitations on Plaintiff's functional abilities.

Defendant offers two explanations to justify the ALJ's exclusion of Dr. Freedman's finding restricting Plaintiff's functional abilities contained in exhibit 5F. First, Defendant argues that the medical evaluation form was undated and unsigned and, therefore, it was unreliable. Second, Defendant asserts that Dr. Freedman's findings were unsupported by objective medical evidence and inconsistent with other substantial evidence in the record. As to Defendant's first argument, the medical evaluation form is signed and dated on the cover page of the form (Tr. 301). In regards to the two-page questionnaire itself, from the face of the document, neither page requests the physician to sign or date anywhere on the two pages (Tr. 302-03). Because the ALJ made no mention of this portion of Dr. Freedman's opinion, it is unclear to the Court whether the ALJ even saw this information. If the ALJ reviewed the medical evaluation form and disregarded it for the reasons posited by Defendant, then the burden was on the ALJ to provide these reasons in his decision. Without such an explanation, this Court is unable to conduct a proper review of the ALJ's decision.

The Court also rejects Defendant's second argument. Dr. Freedman's treatment notes, dated April 15, 2008, reflect that Briskey was having back pain and that his back surgery did not produce the desired results (Tr. 341). These findings would tend to support Dr. Freedman's opinion that Plaintiff's ability to stand, walk, and sit were restricted. Although, Plaintiff's back surgeon initially released him back to work two weeks after surgery, Plaintiff still complained of back pain following

the procedure, as documented by Dr. Freedman, and noted by the ALJ (Tr.16, 340-41). Moreover, even assuming that ALJ Ciccolini found Dr. Freedman's findings were not entitled to substantial weight, he was required to explain why he discounted the doctor's findings and explain the weight he afforded the physician's opinions. The ALJ failed to do this.

Because we are left to guess as to why ALJ Ciccolini did not address Dr. Freedman's opinion that Plaintiff's abilities were limited, we cannot say the ALJ properly considered all the medical evidence in the record. This is not a case where the ALJ's failure to give good reasons constituted harmless error. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (explaining that the failure to state good reasons is harmless when the treating source's opinion is patently deficient, when the ALJ's RFC is consistent with the treating source's opinion, or where the ALJ met the goal of 20 C.F.R. § 404.1527(d)). Instead, there is evidence in the record which, if found credible, could have led the ALJ to a different result. For example, had the ALJ accepted Dr. Freedman's opinion that Plaintiff could not sit or stand longer than one hour, along with his opinion that Plaintiff was in severe pain and required long-term pain management, it is possible that the ALJ may have concluded that Briskey could not have performed even sedentary work. As a consequence, the Court finds that the ALJ erred by failing to adequately address Dr. Freedman's findings, and that this failure supports Plaintiff's request for remand. On remand, the ALJ should re-evaluate Dr. Freedman's opinion and explain what weight, if any, his opinion deserves, sufficiently articulating the reasons to support the weight given.

### C. Hypothetical Question

Finally, Plaintiff challenges the hypothetical question the ALJ posed to the VE. ALJ Ciccolini admitted that he gave great weight to the opinions of state agency psychologist, Dr. Cindy

Matyi (Tr. 20). Dr. Matyi opined, *inter alia*, that Briskey's ability to complete a normal workday and workweek without interruption was moderately limited (Tr. 378). In formulating his hypothetical to the VE, ALJ Ciccolini stated in part "[s]aid individual . . . is able to complete a normal workday and work week without interruption." (Tr. 48). Thus, the ALJ failed to qualify Plaintiff's ability in this area as being moderately limited as indicated by Dr. Matyi. Considering that the ALJ's hypothetical contained several of Dr. Matyi's findings verbatim, the Court is unsure whether the ALJ intentionally omitted Dr. Matyi's "moderately limited" finding or, whether this was a mistake by the ALJ. In light of our prior ruling to order remand, it is unnecessary for the Court to resolve this conflict. However, since the ALJ will now have a second chance to review the evidence, it is also appropriate for the ALJ reframe his hypothetical question, as to make clear whether it includes all of Dr. Matyi's findings as issued.

### D. Plaintiff's Credibility

The Court declines to address Plaintiff's arguments as to the ALJ's review of his credibility as the ALJ should also reweigh this factor on remand.

### V. DECISION

For the foregoing reasons, the Magistrate Judge **REVERSES** and **REMANDS** the decision of the Commissioner to the Social Security Administration for further proceedings not inconsistent with this opinion.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: February 15, 2011.

14